# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DALE GRIMM, | : Case No. 3:21-cv-12 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| MARK DONNATELLI, *et al.*, | : |
| Defendants. | : |

# ORDER

This case is presently before the Court upon Plaintiff's Motion to Correct Scrivener's Error; Public Records Request/FOIA Request; and Motion to Correct a Defendant's Address and to Serve at That Address.  (Doc. #5).

Plaintiff requests that the name of Defendant Mark Donnatelli be corrected to Mark Donatelli.  *Id.*  Plaintiff's Motion to Correct Scrivener's Error is GRANTED.  The Clerk of Courts is directed to change the spelling of Defendant Mark Donnatelli to Mark Donatelli.

Additionally, Plaintiff requests from the Court "all documents … regarding your attempt to serve Defendant Beth Cappelli in this action." *Id*.  There are no documents regarding the Court's "attempt to serve Defendant Beth Cappelli in this action" because the Court has not attempted to serve her.  Accordingly, Plaintiff's request is DENIED.

Plaintiff moves to correct Defendant Mark Donatelli's address and requests that both Defendants be served.  *Id*.  Plaintiff appears to be mistaken about who is responsible for service. Federal Rule of Civil Procedure 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the

necessary copies to the person who makes service."  Furthermore, a plaintiff is responsible for completing a summons for every defendant.  *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint.").  In this case, Plaintiff has failed to complete a summons for any of the Defendants.  Although Plaintiff may request that the Court order service by a United States marshal or deputy marshal or by a person specially appointed by the Court, Fed. R. Civ. P. 4(c)(3), "a *pro se* plaintiff who is not proceeding *in forma pauperis* must typically first attempt service by other means."  *Simkins v. McIntosh*, 3:19cv227, Doc. #15, *PageID* #162 (S.D. Ohio Oct. 30, 2019) (citing *Bax v. Executive Office for U.S. Attorneys,* 216 F.R.D. 4, 4-5 (D.D.C. 2003)) (discussing congressional intent to relieve United States marshals of the burden of serving summonses and complaints in civil actions).  Plaintiff has failed to show that he has attempted service by other means.  Therefore, Plaintiff's request that the Court order service is DENIED.

　　　　**IT IS SO ORDERED.**

August 11, 2021                                *s/Peter B. Silvain, Jr.*
                                               Peter B. Silvain, Jr.
                                               United States Magistrate Judge